**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0386n.06

**No. 08-4377**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 18, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SEAN CARTER, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| TERRY TIBBALS, | ) | |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

BEFORE:  MARTIN, COLE, and ROGERS, Circuit Judges

PER CURIAM.  In this case the district court, finding that habeas petitioner Carter was not competent to assist counsel, dismissed Carter's habeas petition without prejudice.  On appeal, we amended the district court's judgment to order instead that Carter's petition be stayed indefinitely with respect to any claims that required his assistance.  The Supreme Court granted certiorari, held that there is no right for a petitioner to be competent during federal habeas proceedings, vacated our judgment, and remanded for further proceedings.  *Tibbals v. Carter*, 133 S. Ct. 696 (2013).  The Court determined that the district court should have denied a stay with respect to three claims adjudicated on the merits in state postconviction proceedings.  *Id.* at 709.  The Court also held that a fourth claim, if both unexhausted and not procedurally defaulted, would not warrant an indefinite stay, but might warrant a stay if the "claim could substantially benefit from the petitioner's

assistance," taking "into account the likelihood that the petitioner will regain competence in the foreseeable future." *Id.*

We vacate the order of the district court and remand for further proceedings consistent with the Supreme Court's opinion.